Blake Brunkenhoefer (SBN 028723)
bbrunk@brunklaw.com
BRUNKENHOEFER, P.C.
500 N. Shoreline Blvd., Suite 1100
Corpus Christi, Texas 78401
Telephone: (361) 888-8808
Facsimile: (361) 888-5855

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| DIEGO FERNANDO MOIR ESTRADA,<br><br>Plaintiff,<br><br>vs.<br><br>LAXHMI TRANSPORT, INC. and ROHTASH ROHTASH,<br><br>Defendants. | Case No. _____<br><br><br>**PLAINTIFF'S ORIGINAL COMPLAINT**<br><br>"Diversity" / Jury |

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW DIEGO FERNANDO MOIR ESTRADA, hereinafter identified by name or described as "Plaintiff" or "MOIR," and files this his Original Complaint against LAXHMI TRANSPORT, INC. and ROHTASH ROHTASH, hereinafter identified by name or as collectively described as "Defendants," and for cause of action would respectfully show unto this Honorable Court the following:

**I.
PARTIES**

**A.** Plaintiff-DIEGO FERNANDO MOIR ESTRADA ("Plaintiff" or "MOIR") was a resident of Guatemala at all times material to this cause.

**B.** Defendant-LAXHMI TRANSPORT, INC. ("Defendant-LAXHMI") is a California corporation which regularly transacts business in the State of Arizona – but which has not

appointed a statutory agent for service of process in Arizona – and caused an event to occur in the State of Arizona from which this claim arises. Defendant-LAXHMI was an interstate motor carrier on the date in question, and employed the commercial truck driver who caused the crash in question.

C.     Defendant-ROHTASH ROHTASH ("Defendant-ROHTASH") was a resident of Thousand Oaks, Ventura County, California at all times material to this cause and caused an event to occur in the State of Arizona from which this claim arises. Defendant-ROHTASH was the commercial truck driver who caused the crash in question.

## II.
## JURISDICTION

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1332(a)(1), because the Plaintiff and Defendants are citizens of different states or countries and the amount in controversy exceeds $75,000.00, excluding interest and costs.

## III.
## VENUE

A.     This cause of action arose in La Paz County, Arizona, which is within the federal judicial region known as the District of Arizona, Phoenix Division.

B.     Plaintiff is a citizen and resident of Guatemala.

C.     Both Defendants are citizens and residents of California.

D.     Although Defendant conducts business in this state, it is formed outside the State of Arizona and its principal place of business is located outside Arizona. As a consequence, as between the parties to this litigation and pursuant to 28 U.S.C. §1391, venue is proper in the District of Arizona, Phoenix Division.

## IV.
## OPERATIVE FACTS

**A.** On May 10, 2022, at approximately 1:04 p.m., Plaintiff was lawfully and properly driving eastbound on IH-10 in the city limits of Quartzite, La Paz County, Arizona (.53 miles east of mile marker 27) while safely and properly towing another vehicle. Suddenly, an 18-wheeler tractor-trailer combination -- owned and operated by Defendant-LAXHMI and driven by Defendant-ROHTASH -- violently struck Plaintiff's vehicles from behind, thereby propelling Plaintiff's towed vehicle (a VW sedan) under the vehicle he was driving (a Honda CRV) which, in turn, launched the vehicle Plaintiff was driving off the roadway and into a roll in the center median of the interstate highway.

**B.** Such incident was due to the negligent acts and omissions of Defendants or those for whom Defendants are legally responsible, as outlined hereinunder.

**C.** As a result of the incident in question, Plaintiff was injured and sustained the damages outlined hereinunder.

## V.
## CAUSE(S) OF ACTION

**A.** For each and every of the following allegations, Plaintiff hereby incorporates all facts presented in Paragraph IV of this Original Complaint, as well as any additional facts which may be presented in any paragraph hereinunder.

**B.** <u>**Defendant-ROHTASH:**</u>

    **1.** *Negligence / Negligence Per Se*

    **(a)** At the time of the collision described above, Defendant-ROHTASH failed to use ordinary care – much less the degree of care expected of a professional truck driver -- by various acts and/or omissions, including, but not limited to, the following, each of which,

singularly or in combination with others, was/were a proximate cause of the occurrence, injuries, and damages in question:

1. Failing to drive in accordance with the Federal Motor Carrier Safety Regulations ("FMCSRs");

2. Failing to drive in accordance with the Arizona Revised Statutes, Chapter 28 - Transportation;

3. Failing to drive in accordance with the California Commercial Driver Handbook;

4. Failing to drivein accordance with the Arizona Commercial Driver License Manual, which incorporate provisions of the Arizona Revised Statutes, Chapter 28 - Transportation which commercial drivers driving in Arizona must follow, and which are adopted by reference into the FMCSRs per 49 C.F.R. 383.131;

5. Failing know to the relevant rules and regulations pertaining to his operation of the subject commercial vehicle, in violation 49 C.F.R. 383.111 ("all CMV operators must have knowledge of the following 20 general areas");

6. Using a portable wireless communication device (i.e., his phone) to read, write, or send an electronic message while operating a motor vehicle;

7. Driving while distracted by his mobile phone or other electronic device;

8. In operating a commercial motor vehicle while overly fatigued, and with his eyes closed in violation of Federal Motor Carrier Safety Regulation 392.3 which provides as follows:

> *FMCSR 392.2 ILL OR FATIGUED OPERATOR. No Driver shall operate a commercial motor vehicle, and a motor carrier shall not require or permit a driver to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle…*

9. In failing to pull over and cease operating the vehicle in question when he knew he was fatigued and/or likely to fall asleep at the wheel;

10. Operating a motor vehicle when his alertness or ability to operate the vehicle was impaired for any reason, including fatigue, in violation of Arizona law and the FMCSRs;

11. In failing to sufficiently or properly control his vehicle as a person of ordinary prudence and a professional truck driver would have done under the same or similar circumstances;

12. Failing to keep a proper look out or such look out as a person of ordinary prudence – much less a professional truck driver – would have maintained under the same or similar circumstances;

13. Failing to select a safe speed and operate his vehicle at such a safe speed, and in such a manner, as a professional truck driver is expected to drive in hazardous conditions such as those that existed at the time;

14. Failing to operate his vehicle at such a speed, and in such a manner, as a reasonably prudent person would be expected to do under the same or similar circumstances, i.e., he drove at a speed greater than was reasonable and prudent under the circumstances (a/k/a actual and potential hazards) then existing, including but not limited to a special hazard then existing with regard to traffic, including pedestrians, or weather or highway conditions;

15. In failing to yield the right of way to Plaintiff;

16. In failing to apply his brakes in a timely manner;

17. In failing to take timely and appropriate evasive action to avoid the collision in question; and,

18. Driving with reckless disregard for the health, safety and welfare of other drivers sharing the road with him.

**(b)** Each of the above and foregoing acts and/or omissions of Defendant-ROHTASH, taken singularly or in combination, constitutes negligence and/or gross negligence. In addition, Plaintiff would show that the actions of Defendant-ROHTASH constituted negligence

5

*per se* insofar as they violated provisions of the Federal Motor Carrier Safety Regulations and/or the Texas Transportation Code, including but not limited to any provisions listed hereinabove.

**(c)** Thus, under the common and statutory law of the State of Arizona, Defendant-ROHTASH's negligence and/or negligence *per se* proximately caused the collision made the basis of this suit and the injuries and damages suffered by Plaintiff.

**(d)** Plaintiff neither caused nor contributed to the collision in question.

**C.** **Defendant-LAXHMI**

    **1.** ***Respondeat Superior***

**(a)** At the time of the collision described above, Defendant-ROHTASH was operating a motor vehicle owned or operated by or with the permission of Defendant-LAXHMI. Defendant-ROHTASH was the employee of Defendant-LAXHMI and/or Defendant-ROHTASH was the borrowed servant truck driver for Defendant-LAXHMI. In either event, at the time of the crash in question, Defendant-ROHTASH was the agent, servant or (actual or statutory) employee of Defendant-LAXHMI; he was acting within the course and scope of his authority as such agent, servant and employee; he was acting in furtherance of the business interests of Defendant-LAXHMI; and Defendant-LAXHMI had the right to control the manner and means of Defendant-ROHTASH's truck driving services. While acting in such capacity, Defendant-ROHTASH failed to use ordinary care by various acts and/or omissions, including, but not limited to, the above and foregoing acts and/or omissions. For the above-referenced reasons, Defendant-LAXHMI is liable for Plaintiff's injuries and damages under the doctrine of *respondeat superior*.

**(b)** The negligence of Defendant-LAXHMI, acting by and through its driver, Defendant-ROHTASH, was a proximate cause of the incident, injuries and damages made the basis of this lawsuit.

2. *Branded Vehicle*

**(a)** At all times material to this cause of action, the vehicle operated by Defendant-ROHTASH displayed the markings of Defendant-LAXHMI, thereby constituting a branded vehicle and indicating that Defendant-LAXHMI was the owner of the vehicle and that Defendant-ROHTASH was an agent of Defendant-LAXHMI.

**(b)** Defendant-LAXHMI's acts and omissions, as described herein, were a proximate cause of the injuries and of the damages suffered by Plaintiff.

3. *Negligence*

**(a)** At the time of the collision described above, Defendant-LAXHMI failed to use ordinary care by various acts and/or omissions, including, but not limited to, the following, each of which, singularly or in combination with others, was/were a proximate cause of the occurrence, injuries, and damages in question:

1. Allowing, permitting, enticing, ordering, or otherwise pressuring Defendant-ROHTASH to drive faster than the road, traffic and/or weather conditions safely allowed;

2. In allowing, permitting, enticing, ordering or otherwise pressuring Defendant-ROHTASH to operate a commercial motor vehicle while overly fatigued or likely to become fatigued, in violation of Federal Motor Carrier Safety Regulation 392.2 which provides as follows:

> *FMCSR 392.2 ILL OR FATIGUED OPERATOR. No Driver shall operate a commercial motor vehicle, and a motor carrier shall not require or permit a driver to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle…*

3. Allowing, permitting, enticing, ordering, or otherwise pressuring Defendant-ROHTASH to drive in excess of permitted hours;

4. In failing to create or adopt appropriate policies and procedures;

5. In failing to implement and ensure adherence to any such policies and procedures as Defendant-LAXHMI had created and/or adopted as of the time of the crash in question;

6. Failing to implement and follow the Fatigue Management plan prepared or adopted by Defendant-LAXHMI and presented to the National Transportation Safety Board as the plan that would be implemented and followed in order to protect the motoring public;

7. Failing to exercise its retained control over the Defendant-ROHTASH and his driving by allowing, permitting, enticing, ordering or otherwise pressuring him to drive the vehicle in question when Defendant-ROHTASH was driving beyond his permitted hours, he was fatigued or likely to become fatigued, and/or he was suffering from a detrimental medical condition that affected his ability to drive;

8. In having superior knowledge of the risks associated with driver fatigue and failing to guard against it;

9. Negligently entrusting the vehicle in question to Defendant-ROHTASH, when Defendant-LAXHMI knew or should have known that Defendant-ROHTASH was a negligent and/or reckless and/or unlicensed driver;

10. Negligently hiring Defendant-ROHTASH to operate its vehicles (or vehicles subject to its control) when a reasonably prudent motor carrier would not have done so;

11. Failing to train and/or ensure the precedent training and knowledge of Defendant-ROHTASH;

12. Retaining Defendant-ROHTASH as an employee, agent, servant or representative even though Defendant-LAXHMI knew, or in the exercise of reasonable care should have known, that Defendant-ROHTASH was incompetent and/or unfit to act in such capacity;

13. Negligently supervising Defendant-ROHTASH as Defendant-LAXHMI knew that allowing, permitting, enticing, ordering, or otherwise pressuring Defendant-ROHTASH to drive the vehicle in

question when he was driving beyond his permitted hours, he was fatigued or likely to become fatigued, he was suffering from a detrimental medical condition that affected his ability to drive, and/or he was incompetent or unfit to safely operate the subject commercial vehicle, constituted a grave and foreseeable risk to Defendant-ROHTASH as well as Plaintiff and others similarly situated and, indeed, created a high likelihood that someone would be injured or killed as result;

14. In failing to install known and available driver assistance systems – including but not limited to collision avoidance systems, driver-facing video camera(s) and forward-facing video camera(s) – and, thereafter, ensuring that they remained operational;

15. Failing to properly inspect and maintain the "tractor-trailer" made the basis of this lawsuit, including but not limited to such vehicle(s) tires and braking systems;

16. Failing to exercise reasonable care to prevent a foreseeable injury; and,

17. In creating a danger to the public, of which Defendant-LAXHMI had specific knowledge, and then failing to take appropriate steps to protect the public from the danger.

### 4. *Nondelegable Duty*

Defendant-LAXHMI retained some manner of control over the manner of how Defendant-ROHTASH performed his work. The work of Defendant-ROHTASH, i.e. driving a tractor-trailer, when being permitted by Defendant-ROHTASH to drive a route and schedule when it knew or should have known that Defendant-ROHTASH was fatigued or likely to become fatigued, was inherently dangerous and/or statutorily prohibited.

**D.** Thus, the acts and/or omissions of Defendants, taken singularly or in combination, constitute(s) legal negligence and/or negligence per se which proximately caused the collision and the resulting injuries and damages specifically set forth hereinunder.

**E.** Plaintiff neither caused nor contributed to the collision in question.

## VI.
## DAMAGES

A.    By reason of the foregoing, Plaintiff has sustained painful and permanent injuries to his mind and body.

B.    As a result of the Defendants' conduct, as alleged, Plaintiff seeks to recover those damages provided by law, which include, but are not limited to, the reasonable and necessary medical expenses incurred by him to date; the reasonable and necessary medical expenses to be incurred by him in the future; physical pain and suffering that he has experienced in the past and will, in all reasonable probability, experience in the future; mental anguish that he has experienced in the past and will, in all reasonable probability, experience in the future; physical disfigurement; loss of earnings in the past; loss of wage earning capacity in the future; loss of physical capacity other than wage earning capacity; loss of life's enjoyments; and any and all other damages to which he may be entitled.

## VII.
## JURY DEMAND

Plaintiff respectfully demands a trial by jury on all issues so triable.

## VIII.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that citation be issued and served upon Defendants in the form and manner prescribed by law, requiring Defendants to appear and answer herein, and that, upon final hearing hereon, Plaintiff have:

1.    Judgment against Defendants, for actual damages;

2.    Pre-judgment interest, at the legal rate;

3.    Post-judgment interest, at the legal rate;

4. Costs of Court;

5. Costs of Suit; and

6. All such other and further relief to which Plaintiff may be justly entitled.

          Respectfully submitted,

          BRUNKENHOEFER, P.C.
          500 N. Shoreline Blvd., Suite 1100
          Corpus Christi, Texas 78401-0354
          Tel:   (361) 888-8808
          Fax:  (361) 888-5855

          s/ Blake Brunkenhoefer
          Blake Brunkenhoefer
          (bbrunk@brunklaw.com)
          Arizona Bar No. 028723
          **E-service address:** efile@brunklaw.com*
          *\*E-service is only accepted at the above-designated e-service email address.*

          Attorney for Plaintiff