**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Diego Fernando Moir Estrada,<br><br>        Plaintiff,<br><br>v.<br><br>Laxhmi Transport Incorporated, and Rohtash Rohtash,<br><br>        Defendants. | No. CV-23-01492-PHX-JAT<br><br>**ORDER** |

"Inquiring whether the court has jurisdiction is a federal judge's first duty in every case." *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003).

Plaintiff filed the complaint in this case alleging jurisdiction based on diversity. *See* 28 U.S.C. § 1332. Plaintiff states that he is a "resident" of Guatemala. (Doc. 1 at 1). Plaintiff alleges that Defendant Laxhmi Transport Incorporated is a "California corporation" which "regularly transacts business" in Arizona. (Doc. 1 at 1-2). Plaintiff alleges that the second Defendant, Rohtash Rohtash, is a "resident" of California. (Doc. 1 at 2). In the section of the complaint on venue, Plaintiff states he is a citizen of Guatemala and that Defendants are citizens of California. (Doc. 1 at 2).

In this case, the complaint fails to sufficiently plead jurisdiction. First, a corporation is a citizen of every state in which it is incorporated <u>and</u> the state where it has its principal place of business. 28 U.S.C. § 1332(c)). A corporation's principal place of business is the place where a corporation's officers direct, control, and coordinate the corporation's

activities. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80, 92-93 (2010). In this case, Plaintiff fails to specify the corporate defendant's state of incorporation or its principal place of business. Instead, the complaint states that the corporation was not formed in Arizona, nor is its principal place of business Arizona (Doc. 1 at 2), but since Plaintiff is not from Arizona, that does not end the inquiry.

Second, for this Court to have diversity jurisdiction, there cannot be only a foreign plaintiff suing a foreign defendant. *See Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994) (one United States citizen plaintiff or defendant will not establish diversity if there is a foreign plaintiff and a foreign defendant). Here, Plaintiff alleges he is not a citizen of the United States. Thus, for this Court to have diversity jurisdiction, Plaintiff must establish that all Defendants are United States citizens.

Thus, based on the foregoing,

**IT IS ORDERED** that by November 13, 2023, Plaintiff must file a supplement to the complaint fully alleging federal subject matter jurisdiction, or this case will be dismissed without prejudice.

Dated this 3rd day of November, 2023.

James A. Teilborg
Senior United States District Judge